UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **GREGORY TRAHAN** | **CASE NO. 2:22-CV-02351** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Doc. 10) filed by Third-Party Defendant Icon Cleaning & Restoration, Inc. ("Icon"), wherein Icon moves the Court to dismiss claims against it because it cannot be found liable under any theory set forth in Defendant and Third-Party Plaintiff Liberty Personal Insurance Company's[1] ("Liberty") Third-Party Complaint (Doc. 8). Liberty opposes the motion. Doc. 15. The motion is ripe.

I. BACKGROUND

This lawsuit arises from damages caused by Hurricane Laura on August 27, 2020, to Plaintiff Gregory Trahan's property at 2919 Broussard Rd., Sulphur, Louisiana 70665. Doc. 8, pp. 2, 5; doc. 15, p. 3. At the time of the loss, Plaintiff's property was insured by Defendant under policy number H3F29176459040. Doc. 8, p. 2; doc. 15, p. 3. Plaintiff claims that he timely notified Liberty of the loss, Liberty inspected his property on February 18, 2021, and Liberty prepared an estimate of $15,986.75, which did not cover the full scope of damages. Doc. 1, p. 3. As a result of the low estimate, Plaintiff claims it

---

[1] Incorrectly named as Company Liberty Mutual Insurance Company in Plaintiff's Complaint.

retained King Claims & Appraisal & Consulting, who estimated $165,084.98 in total cost of repairs based on the complete scope of observable damage. *Id.* at 4. On August 8, 2022, Plaintiff brought suit in this Court against Liberty under Louisiana Revised Statutes sections 22:1892 and 22:1973 for not properly adjusting his claim and issuing timely payment. *Id.*

On October 13, 2022, Liberty filed its Third-Party Complaint (Doc. 8) against Icon and Ace Construction and Technology, Inc., d/b/a Central Roofing ("Ace"), wherein Liberty claims Icon and Ace may be liable to it for negligent and/or intentional increasing of the cost and scope of repairs to Plaintiff's property. Doc. 8, p. 4. Liberty asserts that when it inspected the property on February 18, 2021, no water intrusion had occurred. *Id.* at 2. Liberty claims that around March 10, 2021, Plaintiff entered a contract with Icon for water mitigation services on his property on the recommendation of Ace despite the fact that water mitigation was not necessary. *Id.* at 3. Furthermore, Liberty claims that Icon and Ace breached their duty to Plaintiff to provide services in a competent and professional manner; specifically, the unnecessary mitigation work that Icon performed resulted in breach of contract and tort duties owed to Plaintiff. *Id.* at 4. Thus, Liberty argues that it has a right in subrogation to proceed directly against Icon and/or Ace in the event it is ordered to pay any sums for the additional repairs they created. *Id.* at 5.

Icon presently moves to dismiss the claims against it in the Third-Party Complaint (Doc. 8).

## II. LEGAL STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The Court can also consider documents referenced in and central to a party's claims only if the plaintiff does not object. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Courts "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (internal citation omitted) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996) (unpublished opinion)).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III. LAW & ANALYSIS

Icon argues that Liberty's third-party complaint against it should be dismissed for failure to state a claim because either the work performed to remediate water damages was

necessary or not; specifically, if the remediation work is necessary, Liberty is liable for those damages, whereas if the remediation work was not, then Liberty will not be liable for those damages. Doc. 10-1, p. 4–5. Furthermore, Icon claims that Liberty has no claim in subrogation because Liberty has not paid the entire amount of $165,084.98 due to Plaintiff for his loss. *Id.* at 4. On the other hand, Liberty asserts that its subrogation rights preclude a dismissal on the pleadings. Doc. 15, p. 6. Liberty points to the Plaintiff's policy, which states:

> **8. Subrogation.** An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

Doc. 17, p. 216. Paragraph 17 of Liberty's Third-Party Complaint states: "To the extent Liberty is ordered to pay any sums for the additional repairs created by Industry Icon or Ace, Liberty has a right in subrogation to proceed directly against Industry Icon and/or Ace for Plaintiff's claims under tort and contract." Doc. 8, p. 5.

Here, it appears from the face of the Third-Party Complaint that Liberty is asserting that Icon and Ace induced Plaintiff to contract for mitigation services on his property when mitigation was unnecessary. *Id.*, pp. 3–4. In this sense, while it is true that Icon and Ace could be responsible for increasing the cost estimate of repairs to Plaintiff's property for damages caused by Hurricane Laura, that claim is not proper in subrogation. Accordingly, Paragraph 17 of the Third-Party Complaint will be stricken from the Third-Party Complaint because Liberty's relief in this context cannot rely on subrogation. Moreover, Liberty shall

be afforded an opportunity to amend its Third-Party Complaint within 14 days to state a claim for relief against Icon and Ace.

## IV. CONCLUSION

For the forgoing reasons, the Court will grant in part Third-Party Defendant Icon's Rule 12(b)(6) Motion as to the subrogation claims and deny in part as to other requested relief.

**THUS DONE AND SIGNED** in Chambers on this 24th day of May 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE